# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **FLORA BRAZIEL**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 15 C 5534 |
| | ) |
| **UNITED STATES ATTORNEY'S OFFICE**, | ) |
| **JOSEPH A. STEWART, AUSA**, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

It is only in baseball that a hitter can hit foul ball after foul ball and still stay at the plate (an ability, to go back some three generations, that Hall of Famer Luke Appling of the Chicago White Sox developed into an art). Pro se plaintiff Flora Braziel ("Braziel") has not learned that rule does not work in the judicial ballpark -- as the attached motion by the United States Attorney's Office reflects, this action is her fifth foul ball, and a ruling that she has struck out swinging is long overdue.

That said, it is somewhat surprising that the United States' Motion To Transfer or To Dismiss resulted in the Executive Committee reassigning the case to this Court's calendar (although LR 40.3(b)(2) certainly applies to the situation) rather than its ordering the outright dismissal that the motion proposed as an alternative. Like its colleagues who have previously dismissed the second, third and fourth like actions by Braziel on claim preclusion grounds, this Court does the same -- but to continue with another seasonal metaphor, this Court converts the

hallowed "Tinker to Evers to Chance" double play combination to "Chance to Evers to Chance"[1] by recommending to the Executive Committee that Braziel be added to its restricted filer list of litigants.

                                       _____
                                       Milton I. Shadur
                                       Senior United States District Judge

Date:  September 28, 2015

---

[1] After all, if the Sox are entitled to a metaphor, the Cubs certainly are this year as well, so this opinion converts the more prosaic "short-to-second-to-first" and "first-to-second-to-first" usages employed by baseball announcers to the versions in the text.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FLORA BRAZIEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 15 C 5534 |
| v. | ) |
| | ) |
| UNITED STATES ATTORNEY'S | ) Judge Kennelly |
| OFFICE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## UNITED STATES' MOTION TO TRANSFER OR TO DISMISS

The United States Attorney's Office, by Zachary T. Fardon, United States Attorney for the Northern District of Illinois, moves to refer this case to the Executive Committee for reassignment to Judge Shadur pursuant to Local Rule 40.3(b)(2) (or simply to dismiss), and in support states as follows:

1. This is the *fifth* substantively similar or identical civil case that plaintiff Flora Braziel has filed complaining about efforts by the U.S. Attorney's office to collect restitution that she owes (and that she similarly challenged in her criminal case) through the Treasury Offset Program ("TOP"). The first four civil cases were dismissed for failure to state a claim, and Braziel's four previous motions to proceed *in forma pauperis* were denied. The five complaints (without exhibits) are attached along with the four previous dismissal orders as follows:

| Tab | Case No. | Dismissal Date | Judge |
|---|---|---|---|
| A | 13 C 773 | April 2, 2013 | Shadur |
| B | 14 C 4944 | November 4, 2014 | Ellis |
| C | 14 C 10417 | January 29, 2015 | Ellis |
| D | 15 C 3223 | May 5, 2015 | Gottschall |
| E | 15 C 5534 | N/A | Kennelly |

ATTACHMENT

2. When Judge Shadur dismissed the first incarnation of this case, No. 13 C 778, in April 2013 and denied Braziel's *in forma pauperis* application, he noted that "the negative conclusion that has been stated here on the merits would be no different if this litigation were to become fee-paid." Tab A. When Judge Ellis dismissed the second incarnation of this case, No. 14 C 4944, in November 2014, she explained:

> Plaintiff previously filed the same allegations which were dismissed in 13−cv−778. The proper route to challenge that dismissal was to file an appeal with the Seventh Circuit. Plaintiff did so and then voluntarily dismissed her appeal. Plaintiff cannot challenge the dismissal of her complaint in 13−cv−778 by filing another action before this Court.

Tab B. When Judge Ellis dismissed the third version of this case, No. 14 C 10417, in January of this year, she not surprisingly said the very same thing she said when she dismissed the second version. Tab C. When Judge Gottschall dismissed the fourth version of this case, No. 15 3223, in May of this year, she also invoked the res judicata doctrine, finding that it "bars Ms. Braziel from relitigating her previously decided claims. *See Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011)." Tab D.

3. Local Rule 40.3(b)(2) provides that "[w]hen a case is dismissed with prejudice or without, and a second case is filed involving the same parties and relating to the same subject matter, the second case shall be assigned to the judge to whom the first case was assigned." Pursuant to the applicable local rules, this case — if it is not dismissed outright — should be reassigned to Judge Shadur, as it involves the same parties and relates to the same subject matter as that original case (not to mention the three cases previous to this one).

WHEREFORE, the United States moves for referral of this case to the Executive Committee for reassignment to Judge Shadur pursuant to Local Rule 40.3(b)(2) or for its outright

dismissal on res judicata grounds. *See Homola v. McNamara*, 59 F.3d 647, 651 (7th Cir. 1995) (noting that "the judicial system cannot tolerate litigants who refuse to accept adverse decisions.").

>
> Respectfully submitted,
>
> ZACHARY T. FARDON
> United States Attorney
>
> By: s/ Thomas P. Walsh
>     THOMAS P. WALSH
>     Assistant United States Attorney
>     219 South Dearborn Street
>     Chicago, Illinois 60604
>     (312) 353-5312
>     thomas.walsh2@usdoj.gov